# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

ALOKE CHAUDHURI,

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | 07-CV-6261-CJS     |
| -vs-                     | MEMORANDUM and     |
| KEITH P. GREEN, *et al.* | ORDER              |
| Defendants.              |                    |

---

**Siragusa, J.** Before the Court is Defendants' motion (Docket No. 43) to seal certain exhibits to their motion for summary judgment on the ground that they have been sealed by a judge of the Victor, New York, Town Court, pursuant to New York Criminal Procedure Law § 160.50. Plaintiff opposes the sealing, and, in any event, consents to have the records filed not under seal.

The New York Criminal Procedure Law requires that all official records of a criminal case be sealed if the case is terminated in favor of the defendant. N.Y. Crim. Proc. Law § 160.50(1). It also states that, "such records shall be made available to the person accused or to such person's designated agent…." *Id*., subd. (d). In this case, the records Defendants seek to seal are ones pertaining to Plaintiff in a criminal case against him in Victor Town Court and, as indicated in his response, "Plaintiff does not believe that it is necessary to seal the records in this Court." (Kermisch Decl. ¶ 7.)

Since the New York sealing statute does not apply to this Court, and since Plaintiff, the subject of the records and beneficiary of the sealing provision, does not believe that sealing is necessary, the Court finds no basis for filing the records in this civil action under

seal. Moreover, in *Taylor v. New York City Transit Authority*, 131 A.D.2d 460, 462 (N.Y.

App. Div. 2d Dep't 1987), the New York Appellate Division, Second Department, wrote:

> CPL 160.50, which provides for the sealing of records relating to the arrest
> and prosecution upon the termination of a criminal proceeding in favor of the
> accused, is intended to provide confidentiality and avoid the stigma which
> might accompany such matters. However, that privilege, which is intended
> to protect an accused, may not be used by him as a sword to gain an
> advantage in a civil action. "Where a party puts into issue in a civil action
> elements common both to the civil action and to a criminal prosecution, that
> party waives the privilege conferred by CPL 160.50 (*see*, *Gebbie v Gertz Div.
> of Allied Stores*, 94 AD2d 165)" (*Lundell v Ford Motor Co.*, 120 AD2d 575,
> 576; *see also*, *Lott v Great E. Mall*, 87 AD2d 978; *Matter of Iazzetta v State
> of New York*, 105 Misc 2d 687; *Maxie v Gimbel Bros.*, 102 Misc 2d 296).

Of course, Plaintiff is not trying to use the New York sealing statute as a sword, but the

waiver principle applies here nonetheless. Accordingly, it is hereby

ORDERED, that Defendants' motion (Docket No. 43) to seal its Exhibits D, E, F, N,

P Q, R, S and T, is denied. The exhibits may be electronically filed in the Court's Case

Management/Electronic Case Filing (CM/ECF) system.


        IT IS SO ORDERED.
Dated:  May 22, 2009
        Rochester, New York

                        ENTER:

                                /s/ Charles J. Siragusa
                                Charles J.  Siragusa
                                United States District Judge